# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELORIES CARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6561** |
| **MATEAL LAWHORN ET AL.** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion is DENIED.

## BACKGROUND

This is a civil action originally filed in the Civil District Court for the Parish of Orleans by Plaintiff Delories Carter on May 21, 2018. Defendant Government Employees Insurance Company ("GEICO") removed the case to this Court, invoking diversity jurisdiction. Plaintiff Delories Carter ("Carter")

1

responded with the instant Motion to Remand on grounds that the parties lack complete diversity. GEICO responds, arguing that the actual parties in interest satisfy diversity requirements.

This case arises out of an automobile accident that occurred in Orleans Parish on June 16, 2017, when an automobile owned and operated by Defendant Mateal Lawhorn ("Lawhorn"), a Louisiana resident and Plaintiff's sister, was struck by an automobile owned and operated by Albert Cornish ("Cornish"). Plaintiff was a passenger in Lawhorn's vehicle when the accident occurred, and she sued Cornish and his liability insurer, State Farm, in a separate proceeding. Cornish and State Farm accepted full responsibility for this accident, and State Farm paid its policy limits of $30,000.00 to the injured parties.

Defendant Lawhorn carries a policy of insurance with GEICO, and this policy includes uninsured motorist and underinsured motorist coverage ("UM/UIM") for Lawhorn and her passengers if they meet certain requirements. The relevant requirements in the policy here are that the passenger must be related to Lawhorn and must also reside in the same household. Plaintiff alleges that because she is Lawhorn's biological sister and because she resides with Lawhorn, Plaintiff is insured under the policy and she may recover if, as she alleges here, her damages exceed the limits of the tortfeasor's policy.

Plaintiff filed the instant suit on May 21, 2018, against Lawhorn and GEICO, alleging that the settlement of policy limits by State Farm was inadequate to compensate her for her injuries and damages caused by the accident and asserting bad faith claims against GEICO. Plaintiff has made a demand in this lawsuit for UM/UIM benefits under GEICO's policy by virtue of her status as a passenger in the Lawhorn vehicle.

GEICO subsequently filed a Notice of Removal on diversity grounds. Plaintiff now seeks to remand this case arguing a lack of complete diversity between the parties. Specifically, Plaintiff notes that both Plaintiff and Lawhorn are residents of Louisiana and argues that GEICO is a resident of Louisiana for purposes of this lawsuit, as the holder of the insurance policy that covers Plaintiff. Defendant GEICO opposes this Motion, setting forth the following two arguments: (1) Lawhorn was improperly joined to this suit to defeat diversity, and (2) because Plaintiff seeks UM/UIM coverage, rather than liability insurance, Plaintiff's citizenship cannot be imputed to GEICO. GEICO argues, therefore, that complete diversity exists.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[4]

## LAW AND ANALYSIS

For a matter to fall within the Court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed

---

[1] 28 U.S.C. § 1441(a).
[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id*.
[4] *Id*.; Camellia Grill Holdings, Inc. v. Grill Holdings, LLC, No. 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).

$75,000.[5] The parties do not appear to dispute that the amount in controversy requirement is met. Likewise, the parties do not appear to dispute that Plaintiff is a citizen of Louisiana and Defendant Lawhorn is a citizen of Louisiana. The parties do, however, dispute the citizenship of Defendant GEICO and whether Defendant Lawhorn was properly joined. GEICO argues that the non-diverse defendant, Mateal Lawhorn, is fraudulently joined and that without her, diversity exists and jurisdiction is established. Plaintiff responds that Lawhorn was properly joined and that, at any rate, GEICO is also a citizen of Louisiana for the purposes of this lawsuit. This Court will consider each argument in turn.

**1. Defendant Mateal Lawhorn's Inclusion in the Lawsuit**

As explained by the Fifth Circuit, district courts should analyze improper joinder under the federal pleading standard.[6] Thus, "a nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief may be granted."[7] The court does not determine whether plaintiff will prevail on the merits but merely considers whether there is any possibility that plaintiff might prevail.[8] The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper."[9] But when the removing party satisfies that heavy burden, the improperly joined party "must be dismissed without prejudice."[10]

---

[5] 28 U.S.C. § 1332.
[6] Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 202 (5th Cir. 2016) (emphasis omitted).
[7] *Id. See also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[8] *See* Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).
[9] In re 1994 Exxon Chem. Fire, 558 F.3d 378, 384 (5th Cir. 2009) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004)).
[10] *Int'l Energy Ventures*, 818 F.3d at 209.

GEICO alleges that Plaintiff cannot succeed on her claims against Defendant Lawhorn because Plaintiff has in fact not even asserted any claims against Lawhorn. In addition, GEICO notes that the Plaintiff admits in the complaint that Albert Cornish has accepted full responsibility for the accident. Thus, Defendant argues, there is no conceivable basis for recovery against Lawhorn, even on the face of the Petition.

After a review of the complaint and the pleadings, this Court agrees with GEICO. Besides a mere mention of Lawhorn in the Complaint as a named defendant and as the driver of the vehicle in which Plaintiff was a passenger, Plaintiff asserts no claims whatsoever against Lawhorn. In addition, Plaintiff admits in her complaint that Albert Cornish accepted full responsibility for the accident, and thus does not dispute the fact that Lawhorn was not at fault. Therefore, since "no viable claims exist against the non-diverse defendant" Lawhorn, this Court must dismiss without prejudice the claims against her.[11]

**2. Defendant GEICO's Citizenship**

Plaintiff also argues that pursuant to 28 U.S.C. § 1332(c)(1), Defendant GEICO, as her UM insurer, takes on her citizenship and thus is a non-diverse defendant. Plaintiff contends that GEICO is a citizen of Louisiana because pursuant to § 1332(c)(1), a defendant shall be deemed a citizen of the state of which the insured is a citizen in any direct action against the insurer of a policy or contract of liability insurance. GEICO argues that UM/UIM claims do not fall under the purview of liability insurance as defined by § 1332(c)(1) and as interpreted by this Court and the Fifth Circuit.

28 U.S.C. § 1332(c)(1) results in the imputation of an insured's citizenship to the insurer. It states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the

---

[11] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209 (5th Cir. 2016).

insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen."[12] The Fifth Circuit established the definition of "liability insurance" as it appears in § 1332(c)(1) as "that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, or in a broader sense, against loss or liability on account of injuries to property."[13] The Fifth Circuit has expressly held that an uninsured motorist policy is not considered a policy of liability insurance.[14] Further, courts in this circuit have "consistently found that an uninsured/underinsured insurance policy is not a policy or contract of liability insurance."[15] Plaintiff has cited to no law holding otherwise.

Here, it appears that the only insurance claim filed by Plaintiff against GEICO is one for UM/UIM coverage. Nothing in the record indicates that any type of liability insurance is sought from GEICO. Thus, Plaintiff's citizenship cannot be imputed to GEICO here. GEICO is incorporated in Delaware and has its principal place of business in Maryland and Washington, DC. It is therefore not a citizen of Louisiana, and its citizenship is diverse from Plaintiff's. Because this Court has found complete diversity to exist and the parties do not dispute that the requisite amount in controversy has been met, this Court finds that it has diversity jurisdiction over this matter.

---

[12] 28 U.S.C. § 1332(c)(1).
[13] Thomas v. Pace, 2008 WL 4091674 at *3 (E.D. La. 2008) (citing Hernandez v. Travelers Ins. Co., 489 F.2d 721, 725 (5th Cir. 1974)).
[14] *Hernandez*, 489 F. 2d at 725.
[15] *Thomas*, 2008 WL 4091674 at *3. *See Hernandez,* 489 F. 2d at 725; Gonzalez v. Government Employees Ins. Group, 2000 WL 235236 at *2 (E.D. La. 2002); Mopsik v. Hartford Ins. Co., 2004 WL 180319 (E.D. La. 2004); Shief v. Tenet Healthsystem Hospital Inc., 1998 WL 849308, at *3 (E.D. La. 1998); Barton v. Allstate Ins. Co., 729 F. Supp. 56, 57 (W.D. Tex. 1990).

## CONCLUSION

For the foregoing reasons, the requirements for diversity jurisdiction have been met, and the Plaintiff's Motion to Remand is DENIED. Plaintiff's claims against Mateal Lawhorn are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana this 8th day of November, 2018.

*[signature]*
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**